UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEADFAST INSURANCE COMPANY,

Plaintiff / Counterclaim Defendant,

v. Case No.: 2:25-cv-775-SPC-NPM

GRANDE ISLE TOWERS I & II CONDOMINIUM ASSOCIATION, INC.,

Defendant / Counterclaim Plaintiff.

---

## OPINION AND ORDER

Before the Court is Defendant / Counterclaim Plaintiff Grande Isle Towers I & II Condominium Association, Inc.'s ("Grande Isle") Motion to Dismiss Pursuant to Rule 12(b)(1) (Doc. 78) and Plaintiff / Counterclaim Defendant Steadfast Insurance Company's ("Steadfast") response (Doc. 84). For the reasons below, the motion is denied.

## Background

Steadfast insured Grande Isle during Hurricane Ian. (Doc. 1). Grande Isle submitted a claim for loss of $41,226,920.40. (*Id.* ¶ 7). Steadfast paid Grande Isle a total of $17,573,452.54. (*Id.* ¶ 13). Grande Isle demands an additional $26,981,347.00, including approximately $14,861,735.84 to pay its

mitigation contractor StopLoss Specialists Inc. ("StopLoss"), and $8,290,909.11 for damage to the insured buildings. (*Id.* ¶¶ 10–12).

Steadfast now brings this action under the Declaratory Judgment Act, 28 U.S.C. § 2201. (Doc. 1). It asserts the following claims - Declaratory Judgment that the Policy Provides No Coverage:

- For Interest and Legal Fees Arising Under Grande Isle's Contract with StopLoss (Count I);
- For the Cost of Equipment, Labor and Materials Expended by Grande Isle's Contractor Stoploss to Maintain Atmospheric Humidity (Count II);
- For Damage Due to Wear and Tear, and Faulty, Inadequate or Defective Workmanship, Repairs, Construction, Renovation or Maintenance (Count III);
- To Prevent the Formation or Proliferation of Mold (Count IV);
- To Remediate Damage from Presence of Proliferation of Pollutants (Count V);
- To Remediate Damage from Bacteria or Viruses (Count VI);
- For Loss or Damage Due to Repeated Leakage or Seepage of Water, or the Presence of Humidity, Moisture or Vapor (Count VII);

- and For Loss or Damage Due to Wind Driven Rain, or Any Loss That is a Consequence of It (Count VIII). (*Id.* at 11–17).

In its amended answer, Grande Isle brings the following counterclaims: Breach of Contract (Count I) and Reformation (Count II). (Doc. 28 at 32–35). Steadfast filed an answer to the counterclaims. (Doc. 33). Grande Isle now seeks dismissal of the complaint in its entirety for lack of subject matter jurisdiction over the declaratory judgment claims pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 78).

**Legal Standards**

The general rule under Rule 12(h)(3) is that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." A Rule 12(b)(1) attack can be facial or factual. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citation omitted). A facial attack—as Grande Isle brings here—challenges jurisdiction based on the pleadings. *See id.* (citation omitted). In addressing this type of motion, the court accepts the pleading's allegations as true and examines whether it has sufficiently alleged jurisdiction. *See id.*

Under the Declaratory Judgment Act, a party has standing to bring an action only if an "actual controversy" exists. 28 U.S.C. § 2201. "This 'actual controversy' is the same as a justiciable 'case or controversy' under Article III." *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-cv-691-

T-24-MAP, 2014 WL 3828430, *1 (M.D. Fla. Aug. 4, 2014) (citations omitted). To establish a case or controversy sufficient to invoke jurisdiction under the Declaratory Judgment Act, a party must show that "(1) [it] is likely to suffer a future injury; (2) [it] is likely to suffer the injury at the hands of the [opposing party]; and (3) the relief [it] seeks will likely prevent the injury from occurring." *Navellier v. Florida*, 672 F. App'x 925, 928 (11th Cir. 2016).

**Discussion**

Grande Isle argues that the Court lacks subject matter jurisdiction over Steadfast's declaratory judgment claims because the allegations in the complaint allege only a past injury, as opposed to a potential future injury as required by the Eleventh Circuit. (Doc. 78). Steadfast argues that a case in controversy exists between the parties based on their ongoing disagreement regarding payment of insurance proceeds, the payment of which constitutes a potential future injury. (Doc. 84).

In a case on point, the United States Supreme Court has held that where an insured is demanding payment from an insurer, a case in controversy exists when the insurer brings an action for declaratory judgment seeking to avoid such payments. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 243–44 (1937). Specifically, the court in *Haworth* explained:

> If the insured had brought suit to recover the disability benefits currently payable under two of the policies there would have been no question that the controversy was of a

> justiciable nature . . . . Again, on repudiation by the insurer of liability in such a case and insistence by the insured that the repudiation was unjustified because of his disability, the insured would have such an interest in the preservation of the contracts that he might maintain a suit in equity to declare them still in being. . . . But the character of the controversy and of the issue to be determined is essentially the same whether it is presented by the insured or by the insurer. . . . *It is the nature of the controversy, not the method of its presentation or the particular party who presents it, that is determinative.*

*Id.* (citations and quotations omitted) (emphasis added).

Here, Steadfast alleges that Grande Isle continues to seek benefits under the subject policy. (Doc. 1 ¶¶ 10–12). Specifically, although Steadfast paid Grande Isle a total of $17,573,452.54, Grande Isle is still demanding an additional $26,981,347.00 under the policy. (*Id.*). Thus, under *Haworth*, Steadfast may bring a declaratory judgment action against Grande Isle because there is a true case in controversy between the parties. *See id.*

Moreover, Steadfast has sufficiently alleged claims for declaratory judgment under Eleventh Circuit law. That is, Steadfast has alleged that: 1) it is likely to suffer a future injury, *i.e.*, additional payment under the policy; 2) that the injury would be at the hands of Grande Isle, which is demanding the payment; and that 3) the relief sought, *i.e.*, a declaration that no additional money is owed under the policy, will likely prevent the injury from occurring. (*See* Doc. 1). *See also Navellier*, 672 F. App'x at 928. In short, Steadfast has

sufficiently alleged that a case in controversy exists as to all of its claims. So dismissal for lack of subject matter jurisdiction is inappropriate.

Accordingly, it is now

**ORDERED:**

Grande Isle's Motion to Dismiss Pursuant to Rule 12(b)(1) (Doc. 78) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record